1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10 UNITED STATES OF AMERICA,                  CASE NO. 15cr1826 JM

11                                Plaintiff,   ORDER DENYING MOTION TO
                                             VACATE FINAL ORDER OF
12        v.                                 FORFEITURE

13 ROBERTO HERNANDEZ,

14                                Defendant.

15

16 ROBERTO HERNANDEZ-
   ESCOBAR,

17                                Petitioner.

18

19        Petitioner Roberto Hernandez-Escobar ("Petitioner") moves to vacate the Final

20 Order of Forfeiture ("Motion") and to grant his third party petition for the return of the

21 forfeited funds. The United States of America ("Government") opposes the Motion.

22 Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for

23 decision without oral argument. For the reasons set forth below, the court denies the

24 Motion, (Ct. Dkt. No. 81), and denies the <u>ex parte</u> application to stay the Final Order

25 of Forfeiture. (Ct. Dkt. 83). The Clerk of Court is instructed to close the file.

26                                **BACKGROUND**

27        The court incorporates its February 16, 2017 Statement of Decision as if fully

28 set forth herein.

# DISCUSSION

**Legal Standards**

Petitioner does not identify applicable legal standards to his Motion.[1]  Because Petitioner is not seeking a new trial pursuant to Fed.R.Civ.P. 59, the court concludes that Fed.R.Civ.P. 60 may provide Petitioner with an avenue of relief.  Reconsideration under Rule 60 is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); Fed.R.Civ.P. 60(b).

**The Motion**

Petitioner appears to argue that the Statement of Decision constitutes either clear error or is otherwise manifestly unjust.  Assuming Petitioner's contentions arise under the "catchall" provision of Rule 60(b)(6), relief from judgment is an equitable remedy used "sparingly" and only "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Washington, 98 F.3d 1159, 1163 (9th Cir. 1996).

Petitioner specifically contends that his due process rights under the Fifth Amendment were violated when his son, Defendant Roberto Hernandez ("Defendant"), invoked the privilege against self-incrimination and refused to testify on his behalf at the time of the ancillary hearing.  Petitioner seeks to attribute Defendant's failure to testify to the Government's efforts to enforce material terms of the Plea Agreements. (Ct. Dkt. Nos. 6, 9, 10).  The court concludes that this, and related arguments, fail on many different levels.

To provide additional context to Petitioner's Motion, the court notes that DEA

---

[1] The applicable standard of review of a criminal forfeiture order on appeal is the clear error standard for factual determinations and de novo review of legal conclusions. See United States v. Nava, 404 F.3d 1119 (9th Cir. 2005).

Special Agent Morimoto provided testimony to the effect that Defendant stated on February 12, 2016, that he knew Petitioner was going to contest the forfeiture, claimed that the money belonged to Petitioner, and that his parents were not "getting along."[2] Defendant also stated that he did not intend to contest the forfeiture and had no control over what his father did. In other words, evidence Petitioner contends was excluded at the time of the ancillary hearing was, in fact, introduced through Special Agent Morimoto.

First, a motion for reconsideration is not a substitute for appeal. <u>Twentieth Century–Fox Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir.1981). The Ninth Circuit has stated that, "[i]n order to bring himself within the limited area of Rule 60(b)(6), a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." <u>Martella v. Marine Cooks & Stewards Union, Seafarers Int. Union</u>, 448 F.2d 729, 730 (9th Cir. 1971), Here, Petitioner simply fails to provide any extraordinary reason justifying relief from the Final Order of Forfeiture. This is particularly true here because the substance of the evidence Petitioner sought to introduce was, in fact, introduced through Special Agent Morimoto.

Second, Petitioner failed to object to the alleged due process violation at the time of trial. <u>See</u> Fed.R.Evid 103(e). The court concludes that this argument is not properly reviewed under the circumstances of this case.

Third, Petitioner fails to establish a due process violation. While there is no doubt that a petitioner has due process and statutory rights to present witnesses and evidence in support of a claim or defense, see <u>Washington v. Texas</u>, 388 U.S. 14, 19 (1967), those rights do not include the right to compel a witness to waive the Fifth

---

[2] Among other things, Petitioner testified that he gave Defendant various amounts of money over about 18 months, he did not keep any written records memorializing the transactions, he did not speak about the money to Defendant, he withdrew money from his bank account and placed it in a shoebox under his bed for safekeeping, and he sought to conceal assets and defraud his spouse (and, presumably, the family law court presiding over the contemplated dissolution proceeding as well).

Amendment privilege against self-incrimination, like that asserted here by Defendant, after consultation with his attorney.  See Kastigar v. United States, 406 U.S. 441, 444-45 (1972).  The court also rejects any suggestion that the Government engaged in any misconduct by facilitating Defendant's presence in this district to testify at the time of the ancillary hearing, facilitating a meeting between Defendant and his counsel,[3] or representing that it would enforce material terms of the Plea Agreements if Defendant violated agreed to material terms.[4]

In sum, the court concludes that Petitioner fails to establish extraordinary circumstances warranting relief and, therefore, denies the motion to vacate the Final Order of Forfeiture and denies the ex parte application to stay as moot.

**IT IS SO ORDERED.**

DATED:  April 14, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[3] Attorney Ricardo Gonzalez, Esq. represented Defendant in the criminal case and this ancillary proceeding.  Mr. Gonzalez advised Defendant to assert his Fifth Amendment rights at the time of the ancillary hearing.

[4] The court notes that Petitioner does not challenge the Government's representation that it did not make any threat or statement to Petitioner or his counsel concerning any possibility of potential future criminal charges based upon Defendant's anticipated testimony at the ancillary hearing.  (Ct. Dkt. 62).